**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HENRI CAMILLE,** | **Civil Action No. 26-5604 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **LUIS SOTO, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Henri Camille, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2.      Respondents oppose the Petition. (ECF No. 5).

3.      Petitioner is a citizen of Haiti. (ECF No. 1 ¶ 1). Petitioner entered the United States in October 2023 pursuant to the Haitian Humanitarian Program ("HHP"). (ECF No. 5 at 1).

4.      Petitioner was detained by ICE on or about January 28, 2026 amid litigation regarding the termination of the HHP. (*Id.*)

5.      On April 15, 2026, Petitioner was ordered removed from the United States. (ECF No. 5-4). Petitioner did not file an appeal with the Board of Immigration Appeals ("BIA"). (ECF No. 5 at 2).

6.      Petitioner filed his Petition on May 15, 2026 arguing in part that he was being illegally detained pursuant to 8 U.S.C. § 1225. (ECF No. 1 ¶¶ 95-98).

7.      Respondents assert that Petitioner properly detained pursuant to 8 U.S.C. § 1231(a) because he is subject to a final order of removal and is still within the mandatory detention period. (ECF No. 5 at 2).

8.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9.      Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10.     Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).  This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled.  After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

11.     "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final.  (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.  (iii) If the

2

[noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

12.     Petitioner had 30 days from April 15, 2026 to file an appeal of the removal order with the BIA.  Petitioner does not assert that he filed one, so the order became administratively final on May 15, 2026.  8 C.F.R. § 1241.1(c).  He is well within the 90-day removal period, so Petitioner's detention is currently mandatory pursuant to § 1231.

13.     Accordingly, this Court will dismiss the Petition as premature.  Any restrictions on Petitioner's location will be lifted.

14.     An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: June 1, 2026

3